# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANDREW BELLAMY,          )
                                      )
              Plaintiff,   )
                                      )
vs.                                   )     Case No. 18-1248-EFM-KGG
                                      )
ANNIE BRUNER,             )
                                      )
              Defendant.  )
                                      )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint alleging hostile work environment, discrimination, and "reprisal," (Doc. 1), Plaintiff Andrew Bellamy has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) along with a supporting financial affidavit (Doc. 4). After review of the motion, as well as the Complaint, the Court **GRANTS** the IFP application.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Defendant indicates she is 53 years old and married with no dependents. (Doc. 4, sealed, at 1, 2.) He indicates neither he nor his spouse are employed, but listed his prior employment as Associate Director of Health Resource Center in Waco, TX, with a significant monthly wage. (*Id.*, at 2, 3.) He and his spouse own no real property, but he does own an automobile outright with significant residual value. (*Id.*, at 3, 4.) He lists a negligible amount of cash on hand. (*Id.*, at 4.) He indicates no monthly mortgage or rental payment,

but lists certain monthly expenses such as groceries, gas, telephone, and car insurance. (*Id.*, at 4, 5.) He has not filed for bankruptcy, but lists significant consumer and other debts. (*Id.*, at 6.)

Considering the information contained in his financial affidavit, the Court finds that Defendant has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Defendant leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Defendant's motion for IFP status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 14th day of September, 2018.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge